J-S33026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES CRENSHAW, | : | |
| | : | |
| Appellant | : | No. 1924 EDA 2014 |

Appeal from the PCRA Order May 27, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0332121-1985

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 23, 2015**

Charles Crenshaw ("Crenshaw") appeals pro se from the order entered on May 27, 2014 by the Philadelphia County Court of Common Pleas, Criminal Division, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely.  For the reasons that follow, we affirm.

Because we resolve this case on procedural grounds, a recitation of the facts underlying Crenshaw's criminal convictions is unnecessary.  We summarize the relevant procedural history as follows.  On October 23, 1985, a jury found Crenshaw guilty of first-degree murder and possessing an instrument of crime.[1]  On March 3, 1986, the trial court sentenced Crenshaw to an aggregate term of life imprisonment.  This Court affirmed Crenshaw's

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a).

judgment of sentence on March 31, 1987. Crenshaw did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On September 10, 1987, Crenshaw filed his first PCRA petition, which the PCRA court denied on May 26, 1988. On January 19, 1990, this Court affirmed the PCRA court's decision. Crenshaw proceeded to file four more PCRA petitions, on January 24, 1992, March 28, 1996, June 28, 1996, and November 21, 2005, each of which were denied by the PCRA court and either affirmed on appeal or not appealed.

On April 23, 2012, Crenshaw filed the instant PCRA petition, his sixth. On March 19, 2014, the PCRA court filed a notice of intent to dismiss Crenshaw's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On April 11, 2014, Crenshaw filed a response to the trial court's Rule 907 notice. On May 27, 2014, the PCRA court formally dismissed Crenshaw's PCRA petition as untimely. On June 19, 2014, Crenshaw filed a notice of appeal.[2]

On appeal, Crenshaw makes two ineffective assistance of counsel claims. First, Crenshaw asserts that his trial counsel failed to communicate the Commonwealth's formal plea offer to him. *See* Crenshaw's Brief at 15.

---

[2] Crenshaw's notice of appeal is time stamped June 30, 2014. However, "[u]nder the prisoner mailbox rule, we deem a pro se document filed on the date it is placed in the hands of prison authorities for mailing." *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011). Crenshaw's notice of appeal indicates that he complied with the prisoner mailbox rule on June 19, 2014.

Second, Crenshaw claims that had trial counsel not misinformed him regarding trial counsel's defense strategy and the likelihood of a favorable outcome, Crenshaw would have accepted the Commonwealth's plea offer, had he known about it. *See id.* at 19-20.

Prior to determining the merits of Crenshaw's claims, we must determine whether we have jurisdiction to decide his appeal. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been

- 3 -

presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

Crenshaw's instant PCRA petition is facially untimely and he does not contest this determination. Accordingly, we are without jurisdiction to decide Crenshaw's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). **See id.** Here, Crenshaw has attempted to plead the timeliness exception of Section 9545(b)(1)(iii). PCRA Petition, 4/23/12, at 2; Crenshaw's Brief at 24-35. Specifically, Crenshaw contends that the United States Supreme Court decisions in **Missouri v. Frye**, 132 S. Ct. 1399 (2012) and **Lafler v. Cooper**, 132 S. Ct. 1376 (2012) recognized a new constitutional right, namely, extending the right to effective assistance of counsel throughout the consideration of plea offers and intended for this right to apply retroactively. **See** Crenshaw's Brief at 24-35.

We conclude that Crenshaw has failed to plead and prove the timeliness exception of Section 9545(b)(1)(iii). In **Commonwealth v. Feliciano**, 69 A.3d 1270, 1276-77 (Pa. Super. 2013), this Court provided:

- 4 -

[W]e disagree with Appellant that ***Frye*** and ***Lafler*** created a new constitutional right. "The right to effective assistance of counsel during the plea bargaining process has been recognized for decades." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280 (Pa. Super. 2013) (citing ***Hill v. Lockhart***, 474 U.S. 52, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985) (holding that "the two-part ***Strickland***, 466 U.S. 668 [104 S. Ct. 2052, 80 L.Ed.2d 674], test applies to challenges to guilty pleas based on the ineffective assistance of counsel"); ***Padilla v. Kentucky***, 559 U.S. 356, 130 S. Ct. 1473, 176 L.Ed.2d 284 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel.")). In ***Frye***, the United State Supreme Court merely clarified that this well-established right "extends to the negotiation and consideration of plea offers that lapse or are rejected." ***Frye***, 132 S. Ct. at 1404 (emphasis added). In other words, the ***Frye*** Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." ***Id.*** at 1408. In determining whether counsel has satisfied this obligation, the two-part test set forth in Strickland applies. ***See id.*** at 1409. In ***Lafler***, the Court explained that to meet the prejudice prong of the ***Strickland*** test where the alleged ineffectiveness of counsel involves the defendant's rejection of a plea offer, the defendant must show,

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less

> severe than under the judgment and sentence that in fact were imposed.

> *Lafler*, 132 S.Ct. at 1385.

> It is apparent that neither *Frye* nor *Lafler* created a new constitutional right. Instead, these decisions simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, i.e. where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on *Frye* and *Lafler* in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.

*Feliciano*, 69 A.3d at 1276-77.

Therefore, because neither *Frye* nor *Lafler* created a new constitutional right, Crenshaw has failed to satisfy the new constitutional right exception to the PCRA's timeliness requirements. *See id.*; 42 Pa.C.S.A. § 9545(b)(1)(iii). Accordingly, Crenshaw failed to plead and prove an exception under section 9545(b)(1), and we are without jurisdiction to address the merits of his appeal. *See Derrickson*, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

- 6 -